29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Anthony GONZALES, Petitioner-Appellant,
v.
BUTTE COUNTY JAIL, Defendants-Appellees.
 No. 93-16811.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1994.*
Decided July 14, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Edward Anthony Gonzales appeals pro se from the district court's order dismissing his application pursuant to 28 U.S.C. Sec. 2254 for a writ of habeas corpus. The petitioner seeks relief from a conviction for forgery in the Butte County Superior Court of California, case number 85687, and a charge of grand theft firearm and possession of a firearm by an ex-felon, case number 109174, also in the Butte County Superior Court.
 
 
 3
 On September 14, 1992, after a mistrial occurred, the Superior Court dismissed case number 109174 upon motion by the prosecution. Therefore, the issue with respect to that case is moot.
 
 
 4
 With respect to the forgery conviction, case number 85687, an earlier application for writ of habeas corpus was brought in federal court on September 16, 1991. The application contained some claims that had not been exhausted in the state courts. After a warning by the district court that this could foreclose consideration of these issues in the future, petitioner dropped these issues and proceeded on the exhausted issues.
 
 
 5
 The district court dismissed the present application for habeas relief on the forgery conviction, case number 85687, for abuse of the writ pursuant to Rule 9(b) of the rules governing section 2254 proceedings. The district court approved the findings and analysis of the magistrate that the petitioner failed to make an adequate showing of cause and prejudice, or alternatively that petitioner failed to demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim" as required by McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991). We agree with the district court and affirm the dismissal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3